# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Ricardo McCray, ) | Case No. 2:24-cv-04928-DCC-MGB |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| New York State Correctional, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Complaint in this case was apparently filed by a *pro se* litigant, Plaintiff Ricardo McCray, who is currently incarcerated at Sing Sing Correctional Facility in Ossining, New York.[1] (Dkt. No. 1 at 1–2.) Although Plaintiff mistakenly listed himself as the defendant in the pleading, the Complaint appears to raise claims of "illegal detention, abuse of authority, falsifying legal documents, and fraud" against the New York State Correctional Officers and Police Benevolent Association.[2] (*Id.* at 4.) More specifically, the Complaint suggests that Defendant "illegally detained [Plaintiff]" at Sing Sing Correctional Facility on or around August 30, 2024, based on "falsified qualified immunity rights, court records, ethics and government acts and briberies." (*Id.*) The Complaint seeks over $1 billion in damages. (*Id.* at 5.)

---

[1] The undersigned notes that while the Complaint's signature block reflects the name of an attorney from Kratka Law Group, PLLC in New York City, New York (Dkt. No. 1 at 6), the collective filings in this case indicate that Plaintiff brought this matter *pro se*.

[2] While the Complaint names "New York State Correctional" as the defendant, the address provided by Plaintiff (Dkt. No. 1 at 2) more accurately reflects the New York State Correctional Officers and Police Benevolent Association. *See* New York State, Office of Employee Relations, https://oer.ny.gov/nys-correctional-officers-and-police-benevolent-association-inc-nyscopba (last visited Sept. 11, 2024); *see also Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may take judicial notice of factual information located in postings on government web sites). Nevertheless, it is worth noting that Plaintiff may also be referring to the New York Department of Corrections and Community Supervision. *See* New York State, Department of Corrections and Community Supervision, https://doccs.ny.gov/ (last visited September 11, 2024).

Pursuant to 28 U.S.C. § 1391, a civil action may be brought in the following: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). If an action is filed in the improper venue, the court may dismiss the case, or transfer such case to any district or division in which it could have been brought for the convenience of the parties and in the interests of justice. 28 U.S.C. §§ 1404(a), 1406(a); *see also United States v. Espinoza*, 641 F.2d 153, 162 (4th Cir. 1981) (noting that the decision of whether to transfer or dismiss a case is committed to the sound discretion of the district court); *Rouse v. Nessel*, No. 8:20-cv-954-DCC-JDA, 2020 WL 6279198, at *8 (D.S.C. July 6, 2020) ("A court may raise the issue of defective venue *sua sponte*."), *adopted*, 2020 WL 4435189 (D.S.C. Aug. 3, 2020).

Here, Plaintiff's claims do not meet any of the criteria under § 1391. Indeed, Defendant is not a citizen of South Carolina, nor did the events giving rise to Plaintiff's claims occur in this state. To the contrary, the crux of Plaintiff's Complaint appears to challenge his ongoing incarceration at Sing Sing Correctional Facility in Ossining, New York.[3] (Dkt. No. 1 at 4.) In short, there is no apparent connection between this case and the State of South Carolina. Thus, because Ossining is part of Westchester County, it appears that venue for this action properly lies in the Southern District of New York, rather than the District of South Carolina. *See, e.g.*, *Jennings v. Adams*, No. 2:20-cv-780, 2020 WL 7763339, at *2 (S.D.W. Va. Dec. 4, 2020) (transferring case involving certain "conditions of

---

[3] To that end, the undersigned assumes that Plaintiff's claims also implicate criminal proceedings that occurred and/or are pending before certain New York state courts. A brief search of the New York Department of Corrections and Community Supervision's inmate database indicates that Plaintiff is currently serving a life sentence at Sing Sing Correctional Facility for murder in the first degree. *See* New York State, Incarcerated Lookup, https://nysdoccslookup.doccs.ny.gov/ (limiting search to Ricardo McCray) (last visited Sept. 11, 2024).

confinement" to the district in which the specific penitentiary was located), *adopted*, 2020 WL 7753103 (S.D.W. Va. Dec. 29, 2020); *Rouse*, 2020 WL 6279198, at *8 (finding that the Eastern District of Michigan was the proper venue where defendants were residents of Michigan and the judge responsible for the orders of which plaintiff complained was located in Macomb County, Michigan).

Thus, for the convenience of the parties and in an abundance of caution for the *pro se* Plaintiff here, the undersigned **RECOMMENDS** that this Court transfer—rather than summarily dismiss— the instant case to the United States District Court for the Southern District of New York so that the proper district court may evaluate Plaintiff's claims.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 12, 2024
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).