IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ricardo McCray, | ) | Case No. 2:24-cv-04928-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| New York State Correctional, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon review of Plaintiff's complaint.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report").  On September 12, 2024, the Magistrate Judge issued a Report recommending that this action be transferred to the United States District Court for the Southern District of New York.  ECF No. 6.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff has not filed objections to the Report and the time to do so has lapsed.[1]

---

[1] While no objections have been filed, two notices have been submitted to the Court since the issuance of the Report.  The first notice was sent by the United States District Court for the Eastern District of Kentucky.  ECF No. 9.  It contains an Order of Dismissal in a case where Robert W. Johnson attempted to file a civil action on Mr. McCray's behalf, apparently without his knowledge, in an effort to circumvent his own prefiling injunction.  The second notice appears to be a proposed summons where Mr. Johnson's signature appears in the "Signature of Attorney" box.  ECF No. 10.  As it

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As stated above, the Magistrate Judge recommends transfer of this action. The Magistrate Judge determined that venue is improper in this district. Accordingly, the Court begins with a brief discussion of venue.

Federal district courts are vested with the inherent power to control and protect the administration of court proceedings. *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986). A court has the power to consider *sua sponte* whether venue is proper.

---

appears that neither document was filed by Mr. McCray, the Court declines to consider these documents as objections.

*See Jensen v. Klayman*, 115 F. App'x. 634, 635–36 (4th Cir. 2004) (per curiam).  Pursuant to 28 U.S.C. § 1391(b),

> (b) Venue in general.—A civil action may be brought in—
>
>     (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>     (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>     (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In absence of venue, a court has authority sua sponte to transfer under either 28 U.S.C. § 1404(a) or § 1406(a), or both.  *See Jensen*, 115 F. App'x. at 635–36; *In re Carefirst of Md., Inc.*, 305 F.3d 253, 255–56 (4th Cir. 2002).  28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

     The Magistrate Judge determined that Defendant does not reside in South Carolina, nor did a substantial part of the alleged acts or omissions giving rise to the claim occur in South Carolina.  Upon review for clear error, the Court agrees that venue is improper in this district.  However, the Court is of the opinion that dismissal rather than transfer is appropriate under these circumstances.  Notably, nothing submitted in this action has been signed by Mr. McCray.  Indeed, the complaint contains a typed signature

by Daniel S. Kratka,[2] and the motion for leave to proceed in forma pauperis is signed by Mr. Johnson.  Accordingly, the Court finds that the interests of justice weigh in favor of dismissal rather than transfer.

## CONCLUSION

For the foregoing reasons, the Court adopts as modified the recommendation of the Magistrate Judge.  The Court finds that venue is improper in this District and **DISMISSES** this action without prejudice.  The motion for leave to proceed in forma pauperis is **FOUND as MOOT** and the Court specifically finds that Mr. McCray has not incurred a debt related to this case.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 24, 2024
Spartanburg, South Carolina

---

[2] The order of dismissal in the Eastern District of Kentucky action indicates that Mr. Johnson has a history of "impersonat[ing] Daniel S. Kratka, an attorney in New York, New York, by typing his name in the signature block of the complaint."  ECF No. 9 at 4.